MARTHA O. TAYLOR *vs.* DANIEL L. D. GRANGER, City Treasurer of the City of Providence.

If the owner of pigeons is liable in any form of action for permitting them to fly abroad, in consequence of which they frequent the plaintiff's premises from early morning until evening, disturb him by their continual noise and defile his house and grounds, it is in case and not in trespass.

*Semble,* that the right of action for such an injury would rest upon the principle expressed in the maxim, *Sic utere tuo ut alienum non lædas.*

TRESPASS ON THE CASE for negligence.   Certified from the Common Pleas Division on demurrer to the declaration.

The declaration alleged in effect that the city of Providence negligently permitted pigeons which it kept at Roger Williams Park to fly abroad and frequent the plaintiff's premises daily and every day from early morning until evening, whereby they disturbed the plaintiff and her tenants by their continual noise, and defiled and otherwise injured her house and grounds.

*March* 21, 1896.   MATTESON, C. J.   The only question raised by the demurrer is whether an action of the case can be sustained.   The defendant contends that, because of the propensity of pigeons to fly and to commit the grievances complained of, the proper action is trespass and not case. Assuming that an action of some sort can be sustained, as in the present state of the pleadings we must, we are of the opinion that case will lie, since the grievances complained of are merely consequential results of permitting the pigeons to fly at large, rather than results of force directly applied.

We think, however, though case is the proper remedy, it proceeds not so much on the principle of negligence, in permitting the pigeons to fly abroad, as on the principle embodied in the maxim, " *Sic utere tuo ut alienum non lœdas.*" Dictum of Pollock, B., in *Farrer* v. *Nelson,* L. R. 15 Q. B. 258.   The standard of duty which one owes to another, for breach of which negligence may be predicated, is what persons of ordinary prudence would deem essential to be done in the particular circumstances of the case.   Unless, therefore, the plaintiff can show that those who keep pigeons have deemed it necessary to restrain them from flying, in order to keep them from annoying their neighbors, it would seem to be very doubtful whether negligence can be made out.

Demurrer overruled and case remitted to the Common Pleas Division.

*Nathan W. Littlefield, Walter R. Stiness & Edward C. Stiness,* for plaintiff.

*Francis Colwell,* City Solicitor, *& Albert A. Baker,* Assistant City Solicitor of the city of Providence, for defendant.